UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TELA INNOVATIONS, INC., <br><br> Defendant. | Case No. 14-cv-00362-BLF <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO FILE PORTIONS OF ITS AMENDED COMPLAINT UNDER SEAL** |

Before the Court is Plaintiff's August 18, 2014 Motion to file under seal portions of its Amended Complaint (ECF 38), pursuant to Civil Local Rule 79-5(d). Plaintiff submits a declaration in support of the requested sealing. (Chanin Decl., ECF 38-1) Because Plaintiff's declaration offers compelling reasons to seal portions of its Amended Complaint, the Court GRANTS the Motion.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal documents, a "compelling reasons" standard, which applies to most judicial records, and a "good cause" standard, which applies to "private materials unearthed during discovery." *Cf. Phillips ex rel. Estates of Byrd v.Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).* This standard requires the party meet a lower burden, recognizing a lesser "cognizable public interest in . . . documents produced between private litigants." *Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2009)*.

An Amended Complaint is neither a discovery document nor a dispositive motion, but the Court believes its status more closely resembles that of a dispositive motion. Thus, a party seeking to seal portions of an Amended Complaint must show a compelling interest that outweighs the

1  public's general right to inspect such documents.

2      In this case, the declaration filed with Plaintiff's Motion meets the compelling interest standard. Plaintiff cites factual reasons why disclosure of certain aspects of TSMC's proprietary and confidential information could cause it economic and competitive harm, including enabling its competitors to avoid or reduce their own research and development costs, or allowing such competitors to simply adopt TSMC's technology disclosed in the Amended Complaint. (Chanin Decl. ¶ 10) The Court finds these facts sufficient to meet the "compelling interest" standard necessary to outweigh the public's right of access. *See Phillips*, 307 F.3d 1206, 1213.

    Plaintiff has filed with the Court a public, redacted version of the proposed Amended Complaint (ECF 38-3), consistent with Civil Local Rule 79-5(d)(1)(C), and seeks only to seal the portions of the Amended Complaint related to the confidential and proprietary information. As such, their request is appropriately narrowly tailored.

    For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Seal, and permits Plaintiff to file under seal the portions of its Complaint so designated in its Motion. (Mot. at 2 (stating the specific portions of paragraphs TSMC seeks to have sealed))

**IT IS SO ORDERED.**

Dated: August 20, 2014

_____
BETH LABSON FREEMAN
United States District Judge